| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **MEMORANDUM & ORDER** |
| – against – | |
| FU XIN CHEN, | 95-CR-870 (ERK) |
| Defendant. | |

KORMAN, *J.*:

  Defendant Fu Xin Chen, proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act. Chen also moves for the appointment of counsel. For the reasons set forth below, Chen's motions for compassionate release and for the appointment of counsel are denied.

## I. Background

  I presume the parties' familiarity with the underlying facts of this case. In brief, Chen was a member of a violent criminal gang known as the "Plum Blossom Boys," which committed six robberies and five kidnappings—one which resulted in murder—involving nine victims between February 1995 and September 1995. Chen pleaded guilty to four counts of hostage taking, including one count resulting in death, in violation of 18 U.S.C. § 1203(a). *See* ECF No. 108. On February 21, 1997, Chen was sentenced to life in prison, *see* ECF No. 262 at 15:5–8, as mandated by § 1203(a), which provides that hostage taking resulting in death shall be punished

1

by "death or life imprisonment," 18 U.S.C. § 1203(a). Chen is currently incarcerated at USP Atwater.

This is Chen's second *pro se* motion for compassionate release. In his first motion, Chen principally argued that the COVID-19 outbreak at USP Atwater and his age of 19 years at the time of the offense conduct amounted to "extraordinary and compelling" circumstances warranting a sentence reduction. *See* ECF No. 277-1. I denied the motion, reasoning that because "[t]he defendant committed a series of heinous crimes, namely murder, kidnapping, rape, and torturing his victims . . . the only appropriate sentence under 18 U.S.C. § 3553(a) remains a sentence of life imprisonment." ECF Order of Sept. 28, 2021. Chen appealed the denial of the motion, *see* ECF No. 285, and the Second Circuit affirmed, *see United States v. Chen*, No. 21-2595, 2023 WL 3589894, at *2 (2d Cir. May 23, 2023).

In the instant motion, Chen similarly argues that his sentence should be reduced because he was only 19 years old at the time of the offense conduct, noting that recent research suggests that brains at that age are not fully developed. ECF No. 334 at 2–3, 10–12; ECF No. 335 at 4–7. Chen also argues that relief is warranted because he is serving an "excessively harsh" sentence. ECF No. 334 at 16; ECF No. 335 at 7–17. Moreover, Chen contends that his rehabilitation while incarcerated also presents an "extraordinary and compelling" reason to grant him a sentence reduction. ECF No. 334 at 17–18; ECF No. 335 at 17–19. Finally, he argues that a reduction in sentence is appropriate under the 18 U.S.C. § 3553(a) sentencing factors. ECF

No. 334 at 13–17. The United States Attorney opposes Chen's motion. *See* ECF No. 336.

## II. Legal Standard

The federal compassionate release statute creates an exception to the general rule that a district court may not modify a term of imprisonment after it has been imposed. *See United States v. Van Putten*, 726 F. Supp. 3d 245, 251 (S.D.N.Y. 2024). The statute provides, in relevant part, that:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court deciding a motion for compassionate release must determine that: (1) the defendant has exhausted his administrative remedies; (2) the defendant's proffered "extraordinary and compelling reasons" warrant a sentence reduction; (3) the reduction accords with the sentencing factors set forth in 18 U.S.C. § 3553(a); and (4) the reduction sought is consistent with policy guidance from the United States Sentencing Commission. *Id.*; *see also United States v. Henoa*, No. 95-CR-355, 2024 WL 730482, at *1 (E.D.N.Y.

3

Feb. 22, 2024). "The defendant has the burden to show he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Sentencing Commission has identified several situations in which "extraordinary and compelling" reasons may exist to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13. Pursuant to Sentencing Commission policy, a sentence reduction may be warranted if the defendant is suffering from a terminal illness; if the defendant is over 65 years old, is experiencing a significant deterioration in health, and has already served a significant portion of his sentence; if the defendant's family circumstances necessitate the defendant's release; if the defendant has been a victim of abuse while incarcerated; and if the defendant is serving an "unusually long sentence." *Id.* § 1B1.13(b)(1)–(4), (6). The relevant policy statement also instructs that a sentence may be reduced for "other reasons" if the defendant establishes "any other circumstance or combination of circumstances that . . . are similar in gravity" to the enumerated circumstances. *Id.* § 1B1.13(b)(5).

In addition to determining that "extraordinary and compelling reasons" exist to grant a sentence reduction, a court must also find that a sentence reduction is appropriate under the § 3553(a) sentencing factors. These factors include, *inter alia*: "the nature and circumstances of the offense[,] the history and characteristics of the defendant," and "the need for the sentence imposed—(A) to reflect the seriousness

4

of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(1)–(2).

### III.  Discussion

#### a.  Exhaustion

A defendant may move for compassionate release after the earlier of (1) exhausting all administrative rights to appeal a failure by the Bureau of Prisons to file a motion on the defendant's behalf or (2) the lapse of thirty days from the receipt of any such request by the warden. 18 U.S.C. § 3582(c)(1)(A). In his motion for compassionate release, Chen indicates that he "submitted a written request to the Warden of USP ATWATER asking him to move this Court for reduction of his sentence under 18 U.S.C. § 3582(C)(1)(A)(i)" on June 24, 2024 and that the request was denied on July 24, 2024. ECF No. 334 at 3–5. He also attaches to his motion a copy of the letter that he ostensibly sent to the warden. *Id.* at 21. In response, the United States Attorney does not argue that Chen failed to exhaust his administrative remedies. *See generally* ECF No. 336. I will therefore consider the merits of Chen's motion. *See United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (concluding that the exhaustion requirement is "not a jurisdictional limit" but "a claim-processing

rule that may be waived or forfeited by the government"); *United States v. Romano*, 707 F. Supp. 3d 233, 236–37 (E.D.N.Y. 2023).

### b. Extraordinary and Compelling Reasons

Chen first contends that his youthfulness at the time of the offense conduct is an "extraordinary and compelling" circumstance warranting a sentence reduction. *See* ECF No. 334 at 2–3, 10–12; ECF No. 335 at 4–7. In particular, he argues that his sentence should be reduced because he was only 19 years old at the time of the offense, pointing to "new and developing neuroscience" that suggests that brains are not fully developed at that age and that "supports the conclusion that 19 year olds possess the same transient qualities of youth as 17 and 18 year olds." ECF No. 334 at 1–3; *see also* ECF No. 335 at 6–7. Based on this research, he argues that the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), in which the Court held that mandatory life-without-parole sentences for juveniles under the age of 18 violate the Eighth Amendment, extends to 19-year-olds and those in "late adolescence." ECF No. 334 at 10–12. Moreover, he notes that the Sentencing Commission recently issued an amendment to the Guideline's Age Policy Statement, which now reads that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense." ECF No. 335 at 4–5; U.S.S.G. § 5H1.1.

Courts have considered the youthfulness of a defendant in evaluating if "extraordinary and compelling" circumstances exist to grant a motion for

6

compassionate release. *See United States v. Ramsay*, 538 F. Supp. 3d 407, 417–24 (S.D.N.Y. 2021). In particular, courts have found that adolescents tend to make riskier decisions in "high-pressure, time-sensitive, emotional contexts," and that, in these circumstances, a defendant's youth may contribute to the decision to grant compassionate relief. *See id*. at 419–20 (finding that a defendant had shown "extraordinary and compelling reasons" to reduce his sentence in part because of his adolescence at the time of the offense); *United States v. Jones*, No. 19-CR-125, 2023 WL 2929299, at *4 (S.D.N.Y. Apr. 13, 2023). The facts of Chen's case, however, do not suggest that he acted in such a "high-pressure, time-sensitive, emotional context[]." Chen's crimes were repeated, calculated, and carried out over the course of several months and did not involve the kind of "split-second, hot-headed" actions for which youth may be a relevant consideration during sentencing. *See Ramsay*, 538 F. Supp. 3d at 424; *Jones*, 2023 WL 2929299, at *4 (finding that the defendant had failed to show that his youth was an "extraordinary and compelling" circumstance for compassionate release in part because he had engaged in criminal conduct over the course of several years). Moreover, to the extent that Chen argues that the statutorily mandated life sentence that he is serving violates the Eighth Amendment because he was 19 years old at the time of his offense, this argument runs afoul of clear Supreme Court and Second Circuit precedent. *Miller*, 567 U.S. at 479; *United States v. Sierra*, 933 F.3d 95, 97 (2d Cir. 2019) (upholding mandatory

7

Case 1:95-cr-00870-ERK    Document 348    Filed 05/01/25    Page 8 of 10 PageID #: 1215

life sentences for defendants who were between 18 and 22 years old at time of offense conduct under *Miller*).

Chen next argues that his sentence is "excessively harsh" and disproportionately long compared to sentences received by "defendants with similar records who have been found guilty of similar conduct." ECF No. 334 at 16; ECF No. 335 at 7–17. He also argues that he "more likely would have received a different sentence had he been charged and sentenced today" because the Sentencing Guidelines are no longer mandatory, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). ECF No. 335 at 7. Contrary to his assertions, Chen was subject, and would remain subject today, to a mandatory life sentence pursuant to the binary provision of 18 U.S.C. § 1203(a), which provides that hostage taking resulting in death shall be punished by "death or life imprisonment." 18 U.S.C. § 1203(a). Chen's statutorily mandated life sentence is not excessive given the reprehensible crimes that he committed. The cases to which Chen cites to argue that his sentence is "excessively harsh" are inapposite because they do not involve defendants sentenced under this statute.

Finally, Chen contends that his years in prison have "transform[ed]" him and that his rehabilitation weighs in favor of granting him a sentence reduction. ECF No. 334 at 15, 17; ECF No. 335 at 17–19. In support of this argument, he notes that he has "completed thousands of hours of educational courses" while incarcerated. ECF No. 334 at 17. He also submits numerous letters in support of his motion from

8

friends and other inmates at USP Atwater. ECF No. 335 at 24–93. While Chen's dedication to rehabilitation is commendable, his argument is unavailing because the law is clear that rehabilitation alone is not enough to grant a motion for compassionate release. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *see also United States v. Vargas*, 502 F. Supp. 3d 820, 829 (S.D.N.Y. 2020).

### c. Sentencing Factors

Even assuming Chen demonstrated that there were "extraordinary and compelling reasons" to reduce his sentence, his motion would be denied because his sentence remains appropriate under the 18 U.S.C. § 3553(a) sentencing factors. Chen contends that the sentencing factors weigh in favor of reducing his sentence because, among other reasons, he will be deported upon release, he was not a "leader or facilitator" of the Plum Blossom Boys, and he had a difficult childhood. ECF No. 334 at 13–17; ECF No. 335 at 17–19. His argument is unpersuasive. Chen committed a series of heinous crimes against nine victims that included murder, kidnapping, rape, and torture. Given the nature and seriousness of his crimes, the need to provide just punishment for his horrific actions, and the need to deter similar conduct in the future, Chen's life sentence remains appropriate. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(B).

## IV. Motion to Appoint Counsel

Chen also moves for the appointment of counsel to assist him in pursuing his motion for compassionate relief. *See* ECF No. 344. A defendant has no right to the assistance of counsel in filing a motion for compassionate release. *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). Rather, courts have discretion to appoint counsel where a defendant shows that his claims may have merit. *Romano*, 707 F. Supp. 3d at 234 n.1. Because Chen's arguments are without merit, his motion to appoint counsel is denied.

## V. Conclusion

For the foregoing reasons, Chen's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied. His motion for the appointment of counsel is also denied.

**SO ORDERED.**

Brooklyn, New York
May 1, 2025

*Edward R. Korman*
Edward R. Korman
United States District Judge